```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        - v. -                    :      ORDER

GERALD MONFORT,                   :      S1 11 Cr. 614 (VM)

              Defendant.          :

- - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/12

WHEREAS, with defendant Gerald Monfort's consent, his guilty plea allocution was taken before United States Magistrate Judge Frank Maas on July 16, 2012;

WHEREAS a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that Monfort entered the guilty plea knowingly and voluntarily, and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that Monfort's guilty plea is accepted.

Dated: New York, New York
       ~~August~~ September, 2012

HON. VICTOR MARRERO
United States District Judge
Southern District of New York

```
C7GZMONP                         Plea
```

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF NEW YORK | |
| ------------------------------x | |
| UNITED STATES OF AMERICA, | New York, N.Y. |
| v. | 11 CR 614 (VM) |
| GERALD MONFORT, | |
| Defendant. | |
| ------------------------------x | |

```
                                        July 16, 2012
                                        11:15 a.m.

Before:

                    HON. FRANK MAAS,

                                       Magistrate Judge


                      APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  MICHAEL FERRARA
     Assistant United States Attorney

LAWRENCE CARRA
     Attorney for Defendant
```

1      THE DEPUTY CLERK: All rise.
2      THE COURT: Be seated, please.
3      THE DEPUTY CLERK: U.S. v. Gerald Monfort. Counsel,
4   please state your names for the record.
5      MR. FERRARA: Good morning, your Honor, Michael
6   Ferrara for the government.
7      THE COURT: Good morning.
8      MR. CARRA: Good morning, your Honor, Lawrence Carra
9   on behalf of Mr. Monfort.
10     THE COURT: Good morning.
11         Do I understand correctly that your client wishes to
12  plead guilty to count six of the indictment in this case?
13     MR. CARRA: That is correct, your Honor.
14     THE COURT: Mr. Monfort, is that in fact what you wish
15  to do?
16     THE DEFENDANT: Yes, it is.
17     THE COURT: Do you understand that you have the right
18  to have all proceedings in this case, including your guilty
19  plea, if you choose to plead guilty, or a trial, if you choose
20  to go to trial, occur before the District Judge assigned to
21  this case, who is Judge Marrero?
22     THE DEFENDANT: Yes, I do, sir.
23     THE COURT: And in connection with your guilty plea
24  this morning, did you sign a consent to proceed before a United
25  States Magistrate Judge on a felony plea allocution?

1           THE DEFENDANT:  Yes, I did.
2           THE COURT:  And did your attorney sign this as well?
3           THE DEFENDANT:  Yes he did.
4           THE COURT:  Before you signed this form, did you
5    discuss it with counsel?
6           THE DEFENDANT:  Yes, we did.
7           THE COURT:  For the record, I signed the form as well.
8           Now, to take your guilty plea this morning, I need to
9    ask you a series of questions under oath, so let me ask you to
10   raise your right hand.
11          (Defendant sworn)
12          THE COURT:  If you're more comfortable, you can have a
13   seat, sir.
14          Do you understand that now that I've placed you under
15   oath, if you knowingly make a false statement to me about an
16   important fact, that could be used against you in the future in
17   a prosecution for perjury or making a false statement?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Please state your fill name, sir?
20          THE DEFENDANT:  Gerald Monfort.
21          THE COURT:  And how old are you, sir?
22          THE DEFENDANT:  55.
23          THE COURT:  How far did you go in school?
24          THE DEFENDANT:  Two years college.
25          THE COURT:  Are you a United States citizen?

1        THE DEFENDANT:  Yes, I am.
2        THE COURT:  Are you currently or have you recently
3    been under the care of a doctor or a psychiatrist for any
4    reason?
5        THE DEFENDANT:  No, I haven't.
6        THE COURT:  Are you taking any medications at present?
7        THE DEFENDANT:  No, I am not.
8        THE COURT:  Have you ever been treated either for
9    alcoholism or for drug addiction?
10       THE DEFENDANT:  No, I haven't.
11       THE COURT:  As you sit before me today, do you feel
12   okay?
13       THE DEFENDANT:  Yes, I do.
14       THE COURT:  Do you have any trouble understanding the
15   questions I've been asking you?
16       THE DEFENDANT:  No, I don't.
17       THE COURT:  Have you received and had an opportunity
18   to read count six of the indictment in this case?
19       THE DEFENDANT:  Yes, I have.
20       THE COURT:  Do you understand what it accuses you of
21   having done?
22       THE DEFENDANT:  Yes, I do.
23       THE COURT:  If you wish, I could take the time to read
24   count six aloud to you now.  Is that necessary?
25       THE DEFENDANT:  It's not necessary.

1               THE COURT:  Have you had sufficient time to talk to
2    Mr. Carra about this charge and about how you wish to plead
3    with respect to it?
4               THE DEFENDANT:  Yes, I have.
5               THE COURT:  And are you satisfied with the
6    representation and the advice that Mr. Carra has furnished to
7    you in connection with this charge?
8               THE DEFENDANT:  Yes, I am.
9               THE COURT:  And are you ready to enter your plea, sir?
10              THE DEFENDANT:  Yes.
11              THE COURT:  What is your plea, guilty or not guilty?
12              THE DEFENDANT:  Guilty.
13              THE COURT:  Even though you've told me, Mr. Monfort,
14   that you're guilty, part of my job is to make sure that you are
15   entering your plea of guilty voluntarily, and that you fully
16   understand both the charge against you in count six and the
17   possible consequences of pleading guilty to that charge, so I'm
18   going to review those subjects with you in some detail.
19              Do you understand that in this count, sir, you're
20   charged with conspiring together with others to commit the
21   crime of visa fraud in violation of Title 18 United States
22   Code, Section 371?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Do you understand that that charge carries
25   with it a maximum sentence of five years in jail?

```
 1               THE DEFENDANT:  Yes.
 2               THE COURT:  Do you understand that you also face a
 3     maximum supervised release term of three years?
 4               THE DEFENDANT:  Yes, I do.
 5               THE COURT:  Do you understand that you face a maximum
 6     fine of the greatest of either $250,000 or twice the amount of
 7     money that you and others may have obtained through this crime,
 8     or twice the amount of financial loss that may have been caused
 9     to persons other than yourself as a result of this crime?
10               THE DEFENDANT:  Yes, I do.
11               THE COURT:  Do you understand that you also face a
12     $100 mandatory special assessment?
13               THE DEFENDANT:  Yes.
14               THE COURT:  I mentioned supervised release, sir.  Do
15     you understand that if you were placed on supervised release,
16     and thereafter violate any condition of that supervised
17     release, Judge Marrero could revoke the term of supervised
18     release that he previously imposed and then could return you to
19     prison without giving you any credit for time that you
20     previously had served on post-release supervision?
21               THE DEFENDANT:  Yes, I do.
22               THE COURT:  Would the government set forth for the
23     record the elements of this crime?
24               MR. FERRARA:  Yes, your Honor.  The elements of
25     Section 371 are that two or more people agreed together to
```

1  commit a violation of federal law and took some steps, an overt
2  act, in furtherance of that agreement.
3         Here the object of the agreement as charged is 18
4  United States Code, Section 1546(a), the elements of that crime
5  are that the defendant knowingly presented an application or
6  document required by the immigration laws that contained a
7  false statement as to a material fact.
8         THE COURT:  Thank you, Mr. Ferrara.
9         Do you understand the elements of the crime to which
10 you are pleading guilty?
11        THE DEFENDANT:  Yes.
12        THE COURT:  And have you discussed those elements of
13 this crime with Mr. Carra?
14        THE DEFENDANT:  Yes, I have.
15        THE COURT:  Do you understand that you have right to
16 plead not guilty and to have a jury trial with respect to this
17 charge?
18        THE DEFENDANT:  Yes.
19        THE COURT:  Do you understand that if you do plead not
20 guilty and go to trial, the government would have the burden of
21 establishing each required element of this crime beyond a
22 reasonable doubt before you could be found guilty?
23        THE DEFENDANT:  Yes.
24        THE COURT:  Do you understand that at such a trial you
25 would be presumed innocent, unless and until the government

1  established your guilt beyond a reasonable doubt?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Do you understand that at a trial and at
4  every other stage of your case, you would have right to be
5  represented by an attorney and that, if need be, counsel would
6  be appointed for you?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Do you understand that at a trial you
9  would have the right to confront and question any witnesses who
10 testified against you, and would also have the right not to be
11 forced to incriminate yourself, which means you would not have
12 to be a witness against yourself?

13           THE DEFENDANT:  Yes, I do.

14           THE COURT:  Do you understand that at a trial you
15 would be entitled to testify and present evidence, and would
16 also have the right to compel the attendance of witnesses to
17 testify for you?

18           THE DEFENDANT:  Yes, I do.

19           THE COURT:  Do you understand, sir, that if you plead
20 guilty and your plea of guilty is accepted, there will be no
21 trial of any kind, so that you're giving up your right to a
22 trial, and the only step remaining will be for Judge Marrero to
23 sentence you?

24           THE DEFENDANT:  Yes, I do.

25           THE COURT:  Do you understand the nature of the charge

```
 1   to which you are pleading guilty?
 2           THE DEFENDANT:  Yes.
 3           THE COURT:  Do you understand the range of penalties,
 4   including the maximum sentence to which you potentially are
 5   subjecting yourself through your plea?
 6           THE DEFENDANT:  Yes.
 7           THE COURT:  Now, have you and Mr. Carra talked about
 8   how the Sentencing Commission Guidelines may apply to your
 9   case?
10           THE DEFENDANT:  Yes, we have.
11           THE COURT:  Do you understand that the sentencing
12   judge is not bound by those guidelines, but, nevertheless, must
13   consult them and take them and other factors under a statute
14   known as Title 18, United States Code, Section 3553(a) into
15   account when sentencing you?
16           THE DEFENDANT:  Yes, I do.
17           THE COURT:  Do you understand that the Court will not
18   be able to determine the guidelines that apply to your case
19   until after a presentence report has been prepared, and both
20   you and Mr. Carra on the one hand, and Mr. Ferrara on the
21   other, have had a chance to challenge the facts that the
22   probation officer reports?
23           THE DEFENDANT:  Yes, I do.
24           THE COURT:  Do you understand that even after it has
25   been determined what guideline applies to your case, the
```

1    sentencing judge has the authority in certain circumstances to
2    impose a sentence that is either more or less severe than the
3    one called for by the guidelines?
4              THE DEFENDANT:  Yes, I do.
5              THE COURT:  Do you understand that under certain
6    circumstances either you or the government may have the right
7    to appeal any sentence that is imposed?
8              THE DEFENDANT:  Yes.
9              THE COURT:  And do you understand that parole has been
10   abolished, so that if you were sentenced to prison you will not
11   be released early on parole?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Understanding everything I've just told
14   you, Mr. Monfort, do you still wish to plead guilty?
15             THE DEFENDANT:  Yes, I do.
16             THE COURT:  Am I correct that your willingness to
17   plead guilty is, at least in part, the result of certain
18   discussions that you and your counsel have had with
19   representatives of the United States Attorney's Office?
20             THE DEFENDANT:  Yes.
21             THE COURT:  I have in front of me a letter dated
22   May 24th, 2012, which was sent by Mr. Ferrara and some of his
23   colleagues to your attorney.  Are you familiar with this
24   letter?
25             THE DEFENDANT:  Yes, I am.

1   THE COURT:  And looking at the last page of the
2   letter, did both you and Mr. Carra sign this letter agreement
3   earlier today?
4   THE DEFENDANT:  Yes, we did.
5   THE COURT:  Before you signed this plea agreement, did
6   you discuss its terms and conditions with counsel?
7   THE DEFENDANT:  Yes, we did.
8   THE COURT:  Do you understand that the terms of this
9   plea agreement with respect to sentencing are in no way binding
10  upon Judge Marrero, and that he could reject any
11  recommendations or calculations that may be made pursuant to
12  this letter agreement, without permitting you to withdraw your
13  plea of guilty, and then could impose a sentence more severe
14  than the letter may contemplate?
15  THE DEFENDANT:  Yes, I do.
16  THE COURT:  Do you understand, sir, that in this plea
17  agreement letter, you've agreed not to appeal from or otherwise
18  challenge a sentence of 16 months or less?
19  THE DEFENDANT:  Yes, I do.
20  THE COURT:  Apart from what's set forth in this letter
21  agreement, sir, have any promises of any kind been made to you
22  to influence you to plead guilty?
23  THE DEFENDANT:  No.
24  THE COURT:  Has anybody made a promise to you
25  concerning the actual sentence you will receive?

1    THE DEFENDANT:  No.
2    THE COURT:  Has anybody threatened you, sir, in order
3    to influence you to plead guilty?
4    THE DEFENDANT:  No.
5    THE COURT:  Are you entering your plea of guilty
6    voluntarily and of your own free will?
7    THE DEFENDANT:  Yes, I am.
8    THE COURT:  Did you in fact commit the crime charged?
9    THE DEFENDANT:  Yes, I did.
10   THE COURT:  Can you tell me what it is that you did,
11   sir, that makes you guilty of this crime?
12   THE DEFENDANT:  I supplied documentation to help girls
13   get into the country, a few girls.  I was a manager of a
14   corporation that facilitated this.  The corporation was needed
15   for them to have a place to land, for lack of a better
16   description, and work.
17   THE COURT:  And were the people who you helped come
18   into the country, folks who had permission to enter the country
19   or what was the story?
20   THE DEFENDANT:  Through this documentation, it would
21   help them to come into the country for a limited period of time
22   and work.
23   THE COURT:  So you were helping misrepresent to the
24   United States the type of work they would do once they came
25   here, is that it?

1            THE DEFENDANT:  Correct.
2            THE COURT:  And at the time that you were providing
3    this form of assistance, did you understand that what you were
4    doing was against the law?
5            THE DEFENDANT:  Yes.
6            THE COURT:  And it says in the indictment, as one of
7    the overt acts, that in or around January of 2011, you and some
8    coconspirators discussed the employment of aliens as strippers
9    in violation of their visas.
10            Did you do that, sir?
11            THE DEFENDANT:  Yes.
12            THE COURT:  What's the basis for venue in this
13    district, Mr. Ferrara?
14            MR. FERRARA:  Your Honor, I believe the defendant will
15    stipulate to this.  Some of the women who were brought in as a
16    result of this conspiracy, were brought into Manhattan to sort
17    of work in violation of there visas in Manhattan.
18            THE COURT:  And is that your understanding, sir?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Mr. Ferrara, are there further -- let me
21    just ask one other question -- withdrawn.
22            Are there further questions, Mr. Ferrara, that you
23    believe need be asked?
24            MR. FERRARA:  No, your Honor.
25            THE COURT:  And, Mr. Carra, do you know of any reason

1    your client should not plead guilty?
2            MR. CARRA:  I do not, sir.
3            THE COURT:  I take it, Mr. Ferrara, you don't either?
4            MR. FERRARA:  Correct.
5            THE COURT:  Having heard from Mr. Monfort, I'm
6    satisfied that he understands the nature of the charge against
7    him in count six and the consequences of pleading guilty to
8    that charge.
9            I'm also satisfied that he's entering his plea of
10   guilty voluntarily and knowingly, and that there is a
11   sufficient factual basis for the plea.
12           So for those reasons, I will recommend to Judge
13   Marrero that defendant's plea of guilty be accepted.
14           Has Judge Marrero set a sentencing date?
15           MR. FERRARA:  Yes.  November 30th at 4:30.
16           THE COURT:  I will direct that a presentence report be
17   prepared, that the government furnish its prosecution case
18   summary to the Probation Department within two weeks, and, Mr.
19   Carra, that you make arrangements to have your client
20   interviewed within that same time period.
21           MR. CARRA:  Yes, your Honor.
22           THE COURT:  And the defendant will remain in large on
23   bail pending the sentencing.
24           MR. CARRA:  Thank you, Judge.
25           THE COURT:  Anything further this morning concerning

```
C7GZMONP                        Plea
```

1    this defendant?
2            MR. FERRARA:  Not from the government, your Honor.
3            MR. CARRA:  Nothing further, your Honor, thank you.
4            THE COURT:  Thank you.
5            MR. FERRARA:  Good day, Judge.
6            (Adjourned to November 30th, 2012 at 4:30 p.m.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25